UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEXIS OWENS | CIVIL ACTION NO. |
| VERSUS | 20-389-JWD-SDJ |
| ANDREW SAUL | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 11, 2022.

SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXIS OWENS** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-389-JWD-SDJ** |
| **ANDREW SAUL** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction (R. Doc. 6), filed by Defendant, Kilolo Kijakazi, Acting Commissioner of Social Security, on August 23, 2021. This Motion is opposed (R. Doc. 7). Defendant subsequently filed a Reply in support of his Motion to Dismiss (R. Doc. 8).

In his Motion to Dismiss, the Commissioner seeks dismissal of Plaintiff Alexis Owens's June 22, 2020 Petition for Review ("Complaint")[1] of the decision to deny her application for disability benefits pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5) for insufficient service of process and pursuant to Rule 12(b)(2) for lack of personal jurisdiction.[2] Specifically, the Commissioner contends that Plaintiff has failed to properly serve the United States Attorney General ("USAG"), as required by Federal Rule of Civil Procedure 4(i)(1)-(2), and has failed to timely serve the Office of the United States Attorney for the Middle District of Louisiana ("USAO") within the ninety-day time limit established by Rule 4(m).[3] The Commissioner argues

---

[1] R. Doc. 1.
[2] R. Doc. 6-1 at 1.
[3] *Id.*

that Plaintiff should not be given an extension of time to serve the USAG and the USAO because she has not shown good cause for her failure to effect service.[4]

As asserted in her Opposition, Plaintiff claims that she timely served the Social Security Administration at their office in Dallas, Texas, in July 2020, after which "[p]roof of service was filed and the Social Security Administration was ordered to file an answer and to produce the record and a briefing schedule was entered."[5] Plaintiff further claims that, shortly thereafter, in August 2020, Plaintiff's counsel's office was "badly damaged" by Hurricane Laura, with counsel only returning to it "a couple of months" prior to filing the Opposition.[6] Upon return, Plaintiff sent a letter to the USAO with a copy of the summons issued and the Complaint and requested that the USAO file a response.[7] Also, as alleged by Plaintiff, dismissal of this action now would effectively be a dismissal with prejudice due to the statute of limitations, which, per Plaintiff, is an "extreme remedy."[8] Plaintiff, instead, requests that the Court order corrected service within a "certain time period" if service is found inadequate.[9]

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[4] *Id.* at 3-4.
[5] R. Doc. 7 at 1.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 2-3. As an aside, the Court takes a moment to correct some mistaken assertions Plaintiff makes in her Opposition. First, Plaintiff asserts that "the Court accepted this service as acceptable when it issued an order ordering that the Social Security Administration file an answer and file the record." R. Doc. 7 at 3. However, no such finding was ever made by this Court, and Plaintiff is wholly mistaken in making such an assertion. In addition, Plaintiff harps on the fact that the Social Security Administration was "ordered to file a response last September and they did not." *Id.* This, too, is a mistaken assertion, as the "order" in question was a scheduling order (R. Doc. 5), and the Social Security Administration did, in fact, file a response in the form of the instant Motion. Moreover, the Court's issuance of the Scheduling Order has no bearing on whether Plaintiff properly served all of the required parties.
[9] *Id.* at 3.

Additionally, Rule 4(i) requires, in pertinent part, that to serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1)(A)-(B).

There is no dispute that Plaintiff adequately and timely served the Commissioner, the only party for whom Plaintiff has to date requested issuance of a summons.[10] Here, the Commissioner correctly asserts that Plaintiff has entirely failed to serve the USAG as required by Rule 4(i)(1)-(2) and has failed to timely serve the USAO within Rule 4(m)'s time limit. Plaintiff, in addition, has not shown sufficient good cause for her failure, particularly during the time period since the instant Motion pointing out said deficiencies was filed. However, this Court has previously held that "[e]ven if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Zaruba v. Hughes,* No. 10-555, 2011 WL 971064, at *1 (M.D. La. Mar. 17, 2011) (quoting *Milan v. USAA General Indem. Co.,* 546 F.3d 321, 325 (5th Cir. 2008). "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action.'" *Id.* (quoting *Milan,* 546 F.3d at 325). "Dismissal, even without prejudice, where plaintiff would be barred by prescription from refiling the claim is tantamount to dismissal with prejudice, which 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Id.* (quoting *Milan,* 546 F.3d at 326).

---

[10] R. Docs. 1, 2, and 3.

As dismissal of this case would bar Plaintiff from pursuing her claim because the statute of limitations will have run, the Court, in exercising its discretion, denies without prejudice Defendant's Motion to Dismiss. *See Zaruba*, 2011 WL 971064, at **1-2 (denying a motion to dismiss for failure to properly serve defendant even though the court specifically found that "plaintiffs' counsel has not shown good cause for the failure to serve defendants in this matter"). However, Plaintiff, who has failed to correct the deficient service during the pendency of this Motion, despite having knowledge of said deficiency, shall have only 21 days from the date of adoption of this Report and Recommendation, should it be adopted, to effect proper service on the USAG and shall file adequate proof of service. Plaintiff's failure to do so may result in the dismissal of her Complaint without further notice for failure to effect proper service as required by the Federal Rules of Civil Procedure.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction (R. Doc. 6), filed by Defendant, Kilolo Kijakazi, Acting Commissioner of Social Security, be **DENIED without prejudice**, to be refiled in the event Plaintiff does not timely effectuate service within the extended time period.

**IT IS FURTHER RECOMMENDED** that Plaintiff be given an additional **21 days** from the date this Report and Recommendation is adopted, should it be so adopted, to effect proper service on the United States Attorney General and to file proof of such service in the record. The previously-issued Scheduling Order (R. Doc. 5) remains in effect.

**Plaintiff is hereby notified that failure to timely comply with an order adopting this Report and Recommendation may result in the dismissal of her Complaint without further notice.**

Signed in Baton Rouge, Louisiana, on May 11, 2022.

———————————————————
SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE