UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXIS OWENS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-389-JWD-SDJ** |
| **KILOLO KIJAKAZI**<br>**in her capacity as Acting Commissioner of**<br>**the Social Security Administration** | |

## RULING AND ORDER

Alexis Owens is a 25-year-old[1] who seeks judicial review of the April 17, 2020 decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). (R. Doc. 1 at 1). Having found all procedural prerequisites met, the Court has properly reviewed Plaintiff's appeal. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you… file an action in Federal district court…"). For the reasons given below, the decision of the Commissioner is **AFFIRMED**, and this action is hereby **DISMISSED with prejudice**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed her application for disability insurance benefits on March 26, 2018,[2] asserting that her disability began on November 19, 2009, when she was eleven years old. (Tr. 129). Her disabilities include anxiety and seizure disorder, among others.[3] After consultative examinations, the application was first denied on October 9, 2018. (Tr. 49). Thereafter, on or about December

---

[1] 19 years old when her application was filed.
[2] The ALJ's Decision indicates that the application was filed on January 4, 2018. This is the date indicated on the Initial Determination (Tr. 49), but the application in the record before this Court only shows a date of March 26, 2018. (Tr. 129).
[3] Plaintiff herself focuses on these two disabilities in her appeal to this Court. (R. Doc. 16 at 1).

10, 2018, Plaintiff filed a written request for a hearing before an administrative law judge. (Tr. 75-76). A Notice of Hearing was issued on July 16, 2019, advising Plaintiff of a hearing set before an ALJ on October 18, 2019. (Tr. 96). After the in-person hearing, ALJ David Benedict issued an unfavorable ruling on November 14, 2019. (Tr. 10). On April 17, 2020, the Appeal Council issued a denial of Plaintiff's request for review of the ALJ's decision. (Tr. 1). The ALJ's decision rested as the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See* 20 C.F.R. § 404.981.

## II.     STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether there is substantial evidence to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *Anthony v. Sullivan,* 954 F.2d 289, 292 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as less than a preponderance but "more than a mere scintilla." *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan,* 895 F.2d at 1022. Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence or try the issues *de novo,* nor may it substitute its judgment for that of the Commissioner. *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir. 1985). A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000) (quoting 42

U.S.C. § 405 (g)). If, on the other hand, the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *See Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

**III.    THE ALJ'S DETERMINATIONS**

To qualify for benefits, the claimant must establish that she is disabled within the meaning of the Social Security Act. *Herron v. Bowen*, 788 F.2d 1127, 1131 (5th Cir.1986) (internal citations omitted). The SSA defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Selders v. Sullivan*, 914 F.2d at 618.

The Commissioner (through an ALJ) applies a five-step sequential analysis to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520(a)(4). First, the claimant must prove she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b).  Second, the claimant must prove her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities…" 20 C.F.R. § 404.1520(c). At step three, the ALJ must conclude the claimant is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20 C.F.R. § 404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app'x 1 (Listing of Impairments). Fourth, the claimant bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.  20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps, then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education,

and past work experience, that she is capable of performing other work. 20 C.F.R § 404.1520(g)(1). If the Commissioner proves other work exists that the claimant can perform, the claimant is given the chance to prove that she cannot, in fact, perform that work. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

Here, the ALJ made the following determinations:

1. The claimant has not engaged in substantial gainful activity since January 4, 2018, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: syncopal episodes, somatic symptoms disorder, autonomic nervous system disease, chronic idiopathic constipation, sleep disorder, migraine headaches, depression, anxiety, and mood disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can never climb ramps, stairs, ladders, ropes, or scaffolds. She must avoid all exposure to hazards such as dangerous moving machinery, unprotected heights, operation of motor vehicles, and open bodies of water. The claimant requires an option to sit or stand after 60 minutes, up to 5 minutes without increased time off task. She is limited to simple, routine, repetitive tasks of unskilled work. The claimant is limited to low stress job, defined as no fast-paced production requirement, only simple work related decisions, with few or no changes in the work setting.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on April 30, 1998, and was 19 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 4, 2018, the date the application was filed (20 CFR 416.920(g)).

## IV.  PLAINTIFF'S ASSIGNMENTS OF ERROR

In support of her appeal, Plaintiff advances two primary arguments: (1) that the ALJ failed to take into account a limitation that Plaintiff might be absent from work at least two days per month (R. Doc. 16 at 2) and that Plaintiff may have to be off task for some period of time (R. Doc. 1 at 2); and (2) that the ALJ failed to explain the weight given to three different doctors' opinions (R. Doc. 16 at 4-5). Both errors lead Plaintiff to believe the ALJ erred in the fourth step of analysis—determining Plaintiff's residual functional capacity, and thus determining at step five that there were sufficient jobs in the national economy that Plaintiff could do. (R. Doc. 16 at 2).

## V.  DISCUSSION

We turn first to Plaintiff's contention that the ALJ failed to explain the weight given to three medical opinions on which his decision turned. Plaintiff's claim was filed in 2018, so analysis of medical opinions here is governed by 20 C.F.R. § 404.1520c, which provides that "ALJs are no longer required to give controlling weight to a treating physician's opinion." *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021) (citing 20 C.F.R. § 404.1520c). Instead, the ALJ must consider a set of factors in determining "what weight, if any, to give a medical opinion." *Id.* Supportability and consistency are the "most important factors" considered when determining the persuasiveness of a medical source's opinions. 20 C.F.R. § 404.1520c(b)(2). While an ALJ need not explain other factors considered when weighing medical opinions, they "will explain how [they] considered the supportability and consistency factors for a medical source's medical opinions… in [a claimant's]

determination or decision." *Id*. But when two or more medical opinions are equally supported by and consistent with the record, but still contradict each other, the decisionmaker "will articulate how [they] considered other persuasive factors," including relationship with the claimant and specialization. § 1520c(b)(3), (c).

The standard for an adequate discussion of persuasiveness of a medical opinion is whether the ALJ's explanation enables the court to undertake a meaningful review of whether his finding with regard to the particular opinion was supported by substantial evidence. *See e.g.*, *Pearson v. Comm'r of Soc. Sec.*, 2021 WL 3708047 (S.D. Miss. Aug. 11, 2021). This means the Court need not merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof. "Stated differently, there must be a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding". *Pearson*, 2021 WL 3708047, at *5 (citing *Ramirez v. Saul*, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021)).

For each of the five doctors whose opinions he considered, the ALJ here did, albeit sometimes extremely briefly, explain whether the doctor's opinion was supported by and consistent with the record and whether it was persuasive. (Tr. 19). In his discussion of each medical opinion, the ALJ gives a summary of the findings of the opinion, names which parts of the opinion are supported by the record, and explains why he finds the opinion persuasive or not.[4] While most of these analyses are presented in the span of only one or two sentences, and while this Court generally prefers more detail to less, the explanations are, nonetheless, sufficient for the Court to draw a logical connection.

---

[4] For example, of Plaintiff's treating physician Dr. Flatt, the ALJ summarized Flatt's assessment and said, "The undersigned finds this opinion partially persuasive. The claimant's limitation to operate motor vehicles and stand for long periods were reasonable and supported by the evidence of record. However, the limitations to an inability to hold down employment was vague and not supported by the treatment records." (Tr. 19).

Next, Plaintiff argues that, of the three doctors whose opinions focused on Plaintiff's mental disorders and seizures, the ALJ did not adequately explain why only some limitations and not others were used as the basis of Plaintiff's RFC at step four. (R. Doc. 16 at 4). The three doctors—Flatt, Johnson, and Durdin—did give different evaluations of Plaintiff's limitations, but the differences are not so much conflicting as they are merely *different*, covering different functional areas. Dr. Flatt gave a general opinion on Plaintiff's ability to maintain employment, citing her inability to drive and risk of injury from unpredictable syncopal episodes (Tr. 382); Dr. Johnson gave results of a physical examination and stated that Plaintiff reports five syncopal episodes per month and treatment with gabapentin (Tr. 489-90); Dr. Durdin is a consulting psychologist and focused on attention and productivity, interaction with other people, and complexity of tasks (Tr. 380).

The ALJ found the opinions of Drs. Durdin and Johnson generally persuasive; he found Dr. Flatt's opinion persuasive as to limitation on operating motor vehicles and ability to stand for long periods, but unpersuasive as to Plaintiff's inability to "hold down employment" because this assertion was vague and unsupported. (Tr. 19). The ALJ is required to explain how he chooses between medical opinions that are equally persuasive and equally well-supported but differing on the same issue. 20 C.F.R. § 404.1520c(b)(3). Here, however, there is seemingly no conflict between equally persuasive opinions. All three doctors do list limitations, but they are mutually exclusive and not at odds with each other, so the ALJ was under no obligation to explain persuasiveness beyond supportability and consistency.

In her Memorandum in Support of Appeal, Plaintiff argues that the ALJ erred in failing to include in his RFC the limitation that Plaintiff would have to miss at least two days of work per month. (R. Doc. 16 at 2). The ALJ did, however, include in his assessment claimant's description

of her symptoms and her ability to complete daily activities, and all the medical opinions included above. The ALJ clearly presented the evidence that might have led him to include work absences in his assessment of Plaintiff's RFC, but ultimately he did not include such a limitation. This assessment of the weight of evidence is within the ALJ's purview alone, and it is not for this Court to reweigh the evidence, even if the Court disagrees. There is more than a mere scintilla of evidence to support the ALJ's exclusion of this limitation, so this Court is powerless to make any other determination.

Finally, in her Petition, Plaintiff argues that the ALJ erred in not finding Plaintiff disabled when he found that she would have to be off task at least 5% of the workday. (R. Doc. 1 at 2). This seems to be a misunderstanding of the ALJ's reference to time off task. In his explanation of Plaintiff's RFC at step four, the ALJ did *not* find that Plaintiff would have to be off task for any amount of time. (Tr. 15). At the hearing, during his examination of the vocational expert, the ALJ posed a hypothetical that Plaintiff might need the "option to sit or stand after 60 minutes, up to 5 minutes without increased time off task". (Tr. 43). When it became clear that this question confused the vocational expert, the ALJ clarified that he meant the option to sit or stand would not take Plaintiff off task. But ALJ did *not* find that Plaintiff would have to be off task, so he did not err in failing to consider that limitation in evaluating available jobs in the national economy.

## VI. CONCLUSION

For the reasons given above, the final decision of the Commissioner of the Social Security Administration is **AFFIRMED**, and this action is **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on September 20, 2023.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**